**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Gil Jacob Abadi, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Chosen Foods, LLC,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Gil Jacob Abadi ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action against Defendant Chosen Foods LLC ("Defendant"). Plaintiff alleges the following based on personal knowledge as to his own acts and experiences, and on the investigation of his counsel and information and belief as to all other matters.

## NATURE OF THE ACTION

1. Defendant markets, labels, advertises, and sells its Classic Avocado Oil Mayonnaise, Vegan Avocado Oil Mayonnaise, Lemon Garlic Avocado Oil Dressing & Marinade, and Zesty Italian Avocado Oil Dressing & Marinade (collectively, the "Products") with front-label packaging that prominently represents that the Products are "made with 100% pure avocado oil" (the "Avocado Oil Representation"). Each Product's ingredient statement reinforces that representation by identifying avocado oil as the first and only oil.

2. Reasonable consumers understand the Avocado Oil Representation to mean that the Products are made with authentic avocado oil and not with cheaper substitute oils. Despite this, food scientists at the University of California, Davis ("UC Davis") analyzed two separate production lots of each Product and found their fatty-acid and sterol compositions materially

inconsistent with authentic avocado oil. The Products' compositional profiles indicate that the avocado oil used in the Products was substituted or diluted with cheaper refined vegetable or seed oils.[1]

3. As a result of its deceptive conduct, Defendant is, and continues to be, unjustly enriched at the expense of its consumers.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005 ("CAFA"), because the proposed Classes include more than 100 members, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and at least one Class Member is a citizen of a state different from Defendant.

5. This Court has personal jurisdiction over Defendant because it conducts substantial business within New York, including the sale, marketing, and advertising of the Products. Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this State, including Plaintiff's purchase of the Product.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant conducts substantial business in this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District, including Plaintiff's purchase of the Product.

## PARTIES

7. Plaintiff Gil Jacob Abadi is a New York citizen who resides in New York, New York. On June 1, 2025, Plaintiff purchased Chosen Foods Classic Avocado Oil Mayonnaise, 12 Fl Oz, from Amazon.com for $7.64. Before making his purchase, Plaintiff saw that the Product

1 Natalie Lopez-Alvarez, Xueqi Li, Benjamin Vizgordiski & Selina C. Wang, Authenticity of avocado and olive oils used as ingredients in commercially processed foods, 6 Applied Food Research 102389 (2026), https://doi.org/10.1016/j.afres.2026.102389.

was labeled and marketed as being "made with 100% pure avocado oil." Plaintiff relied on Defendant's representations when he decided to purchase the Product over comparable products that did not make those claims. Plaintiff saw Defendant's representations prior to and at the time of his purchase and understood them as a representation and warranty that the Product was made exclusively with avocado oil. Plaintiff relied on these representations and warranties in deciding to purchase the Product. Accordingly, those representations and warranties were part of the basis of his bargain, in that he would not have purchased the Product on the same terms had he known that those representations were not true. Furthermore, in making his purchase, Plaintiff paid a substantial price premium due to Defendant's false and misleading representations concerning the Product. Plaintiff, however, did not receive the benefit of his bargain because those representations were not, in fact, true.

8. Plaintiff remains interested in purchasing mayonnaise made exclusively with authentic avocado oil. Because the Products' true oil composition cannot be determined without scientific testing, Plaintiff cannot rely on the representations as presently made. However, Plaintiff would purchase the Products again if Defendant verified that they contained exclusively authentic avocado oil and ensured that the representations are accurate and truthful.

9. Defendant Chosen Foods LLC is a Delaware limited liability company with its headquarters and principal place of business in San Diego, California.

10. Defendant manufactures, markets, and distributes a portfolio of avocado-oil products, including the Products, throughout the United States and in New York.

## GENERAL ALLEGATIONS

### A. Consumer Demand for Products Made with Authentic Avocado Oil

11. The Avocado Oil Representation is material because it is important to consumers' decisions to purchase the Products.

12. Avocado oil is widely regarded as one of the healthiest food oils. Studies have indicated that avocado consumption may help lower blood pressure and LDL cholesterol and reduce osteoarthritis-related symptoms.[2] Avocado oil is high in monounsaturated fat, which is considered more heart healthy than saturated fat, and is slightly more stable than the polyunsaturated fats typically found in vegetable oils.[3] It is also in high demand because it has the highest smoke point of all plant-based food oils and is desirable for high-heat applications such as frying.[4]

13. These qualities, among others, motivate consumers to pay a premium for products made with avocado oil instead of products made with other food oils, such as canola, corn, peanut, safflower, soybean, and sunflower oil.

14. Defendant does not disclose on the Products' packaging, or elsewhere, that the oil in the Products is not authentic avocado oil or is blended, diluted, or substituted with cheaper vegetable or seed oils. Consumers therefore reasonably believe that the Products are made with authentic avocado oil.

15. Whether the oil in a food product is the oil identified on its label—rather than a cheaper substituted oil—is material regardless of whether consumers believe avocado oil is superior to other oils. Consumers may be allergic to certain oils or have other reasons for avoiding them, and they reasonably expect to know what type of oil they are consuming.

16. The UC Davis researchers likewise recognized the significance of front-of-package oil claims, observing that "consumers may reasonably interpret front-of-package oil claims as signals of meaningful product differentiation."[5] Because the products studied "declared only a

---

[2] Healthline, Evidence-Based Health Benefits of Avocado Oil, https://www.healthline.com/nutrition/9-avocado-oil-benefits.

[3] MasterClass, What Is Avocado Oil? A Guide to Cooking With Avocado Oil, https://www.masterclass.com/articles/what-is-avocado-oil-a-guide-to-cooking-with-avocado-oil.

[4] *Id.*

[5] Lopez-Alvarez, *et al., supra* note 1 at 2, 4.

single edible oil in the ingredient statement and did not disclose blended oil formulations," the researchers explained, "consumers would reasonably expect the named oil, particularly when emphasized through front-of-package claims such as 'made with 100% avocado oil,' to be the primary lipid source of the product."[6]

17. Consumers purchase the Products in part because the Avocado Oil Representation conveys the unequivocal message that the Products are made with authentic avocado oil. Plaintiff and the Class Members would have paid less for the Products, or would not have purchased them, absent that representation. They therefore suffered financial injury by paying a price premium attributable to the Avocado Oil Representation.

**B. <u>The Products and Defendant's Representations</u>**

18. Defendant promotes itself as America's number-one avocado oil and avocado oil spray brand and states that its mission is to replace "bad fats with the good fats of 100% Pure Avocado Oil across the kitchen pantry."[7]

19. Defendant markets the Chosen Foods brand as offering mayonnaise, dressings, and other foods made with "100% pure avocado oil" and simple ingredients rather than the refined seed oils used in conventional products. Defendant claims to be "100% committed to 100% purity" and expressly contrasts its Classic Mayo with products that are "not 100% pure" and are "mixed with sketchy ingredients."

---

[6] *Id.*

[7] Chosen Foods, About Us, https://chosenfoods.com/pages/about-us




20. Through these claims, Defendant positions the Chosen Foods brand as a healthier, premium food brand, and consumers, including Plaintiff and Class Members, expect that advertised level of quality.

21. Defendant prominently displays the Avocado Oil Representation on the front of the Products, including the 12-fluid-ounce Classic Mayo purchased by Plaintiff. The following image depicts the Product and the representation Plaintiff saw and relied upon before his purchase:




22. The Avocado Oil Representation is neither peripheral nor confined to fine print. The Classic Mayo's front label states "MADE WITH 100% Pure AVOCADO OIL," together with "GOOD FATS FROM AVOCADOS" and an avocado image. Its first and primary ingredient is avocado oil, and no other oil is listed. The side panel repeats that the product is "MADE WITH 100% PURE AVOCADO OIL" and is "SOY & CANOLA OIL FREE." Defendant makes materially identical claims for Vegan Mayo.



23. The Avocado Oil Representation also appears on Defendant's Lemon Garlic and Zesty Italian Dressings & Marinades. Each front label states "100% Pure AVOCADO OIL," and Defendant advertises the dressings as crafted without soy, canola, or other seed oils. Each dressing's ingredient statement identifies avocado oil as the first and only oil ingredient.







24. Each Product declares exactly one oil: "Avocado Oil." None declares another oil, an oil blend, or an "and/or" oil statement. A reasonable consumer who reads "100% Pure Avocado Oil" on the front of a Product and then finds only "Avocado Oil" as the oil in the ingredient statement reasonably understands that the oil is authentic avocado oil. Federal regulations require labels and ingredient statements to identify ingredients by their common or usual names. See 21 C.F.R. § 101.4(a)(1).

## C. The UC Davis 2026 Study

### *i. Sampling and Classification Methodology*

25. The study, Authenticity of avocado and olive oils used as ingredients in commercially processed foods (the "Study"), reported the first systematic examination of whether avocado oil and olive oil used as ingredients in commercially processed foods are authentic.[8]

26. The UC Davis researchers selected commercially processed foods in three categories—chips, mayonnaise, and salad dressings—based on "consumer popularity and market availability."[9] They included only products that "declared a single oil (e.g. avocado oil or olive oil) in the ingredient statement and did not list additional edible oils."[10] The Products satisfied that criterion and were included in the Study.

27. The researchers analyzed 74 samples representing 37 distinct commercial products, with two separate production lots collected for each product. The Products were among those tested.[11] The product information accompanying the Study identifies Defendant's Classic Mayo, Vegan Mayo, Lemon Garlic Dressing & Marinade, and Zesty Italian Dressing & Marinade collectively as Sample Nos. 45 through 48 and 57 through 60.

28. Samples were purchased in 2025 and 2026 from online sources and retail stores in California and stored unopened in the laboratory until analysis.[12] The researchers collected and analyzed two separate lots of each product.[13] The Products were therefore tested through eight independent production lot samples.[14]

---

[8] Lopez-Alvarez, et al., supra note 1.
[9] *Id.* at 2.
[10] *Id.*
[11] UC Davis, Studied Products AFRES, https://ucdavis.app.box.com/s/6ogs4l0ogplunooktwryr5b1m6k2xr9u/file/2353660743779; Lopez-Alvarez, et al., supra note 1, at 2.
[12] Lopez-Alvarez, et al., supra note 1 at 2.
[13] *Id.*
[14] *Id.*

29. The researchers measured both fatty acid and sterol profiles.[15] They classified samples by comparing those profiles with the Codex Alimentarius Standard for Named Vegetable Oils (CXS 210-1999) and the Standard for Olive Oils and Olive Pomace Oils (CXS 33-1981), which are “intended to encompass expected natural variability” in oil composition.[16]

30. The Study used deliberately conservative classification criteria.[17] To account for analytical uncertainty, biological variability, and possible processing effects, the researchers did not classify a sample as inconsistent when only one fatty acid or sterol marker deviated by no more than 10% beyond established compositional limits; those samples were considered consistent.[18] A sample was treated as merely borderline, not inconsistent, when no more than two markers marginally exceeded that allowance without concordant deviations elsewhere. A sample fully consistent in either fatty acids or sterols and borderline in the other was considered consistent with authentic oil.[19] Only samples with “multiple deviations or patterns inconsistent with authentic reference profiles” were classified as inconsistent.[20]

***ii. Every Tested Lot of the Chosen Foods Products Was Classified as Inconsistent***

31. Every tested lot of every Product was classified as compositionally inconsistent with authentic avocado oil. All eight samples fell outside the Codex ranges for palmitic acid, palmitoleic acid, and stearic acid. Although authentic avocado oil is expected to contain 4.0% to 17.1% palmitoleic acid, none of the eight Chosen Foods samples exceeded 1.0%.[21]

---

[15] *Id.*
[16] *Id.*
[17] See *Id.* at 3.
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] See UC Davis, Studied Products AFRES, https://ucdavis.app.box.com/s/6ogs4l0ogplunooktwryr5b1m6k2xr9u/file/2353660743779 (identifying Samples 45–48 and 57–60 as the Chosen Foods products); Lopez-Alvarez, et al., supra note 1, Supplemental Materials, Table S3, https://ars.els-cdn.com/content/image/1-s2.0-S2772502226007274-mmc1.xlsx.

32. The Products also failed the sterol analysis. All eight samples fell outside the Codex range for each of campesterol, stigmasterol, and Δ7-avenasterol. Authentic avocado oil is expected to contain 0.3% to 2.0% stigmasterol; the lowest Chosen Foods sample contained 5.8%, and the other seven reported means ranged from 6.0% to 7.8%. These results reflected the broader sample set: 71% of the avocado-oil-labeled mayonnaise samples and 100% of the avocado-oil-labeled salad-dressing samples were classified as inconsistent. Overall, "[e]ighty-nine percent of avocado oil-labeled products exhibited compositional patterns inconsistent with authentic avocado oil."[22]

33. Principal component analysis of the fatty acid and sterol profiles "demonstrated clear separation between samples classified as consistent and inconsistent with their labeled oil claims."[23] Many avocado-oil-labeled samples clustered near a vegetable-oil comparator containing canola, corn, soybean, and/or sunflower oil, indicating profiles more consistent with polyunsaturated vegetable oils than with authentic avocado oil.[24] All eight Chosen Foods samples also had cis-vaccenic acid values of only 1.2% or 1.3%, far below the 5.5% to 7.5% range reported for authentic avocado oil and at or near levels reported for high-oleic sunflower oil.[25]

***iii. Processing Does Not Explain the Compositional Deviations***

34. The researchers anticipated and experimentally tested whether the observed compositional deviations might result from cooking, blending, or emulsification rather than the identity of the oil used in the products.

---

[22] See UC Davis, Studied Products AFRES, supra note 21; Lopez-Alvarez, et al., supra note 1, Supplemental Materials, Table S4; Lopez-Alvarez, et al., supra note 1, at 1, 3.

[23] Lopez-Alvarez, et al., supra note 1, at 4.

[24] Id. at 6.

[25] See UC Davis, Studied Products AFRES, supra note 11; Lopez-Alvarez, et al., supra note 1, Supplemental Materials, Table S3; Hilary S. Green & Selina C. Wang, Cis-vaccenic acid: New maker [sic] to detect seed oil adulteration in avocado oil, 1 Food Chemistry Advances 100107 (2022), https://doi.org/10.1016/j.focha.2022.100107.

35. They prepared model products in the laboratory using retail avocado oils employed as reference oils, whose pre-processing fatty acid and sterol profiles fell within every applicable Codex range.

36. The results were unambiguous. "For avocado oil subjected to frying, absolute changes in major fatty acids were less than 0.6%." Cis-vaccenic acid—the key discriminatory marker for avocado oil authenticity—"decreased by only 0.1% following frying in both potato and tortilla chips." The researchers concluded that "[t]hese model product experiments indicate that typical frying and emulsification conditions do not substantially alter oil authenticity markers."[26]

37. The magnitude and pattern of the deviations found in the Products cannot be explained by frying, emulsification, blending, processing, or natural variation. The results instead indicate that the Products are not made exclusively with authentic avocado oil.

38. In short, the oil recovered from the Products is not compositionally consistent with authentic avocado oil, or at a minimum, not with oil consisting fully of authentic avocado oil. It bears the compositional signature of the inexpensive refined vegetable or seed oils that Defendant tells consumers its Products replace and exclude.

39. The test results therefore indicate that the oil used in the tested Products was economically adulterated. Defendant's representations misled consumers into believing they were purchasing Products made only with high-quality, authentic avocado oil. The Avocado Oil Representation is therefore false and misleading.

## D. Defendant Knew that the Avocado Oil Representation Was False

40. Defendant knows, or reasonably should know, that its labeling of the Products misleads consumers.

---

[26] See Lopez-Alvarez, et al., supra note 1, at 7.

41. Avocado-oil adulteration has been publicly and repeatedly documented since at least 2020, when UC Davis researchers published the first report on the quality and purity of avocado oil sold in the United States and found that most samples tested were adulterated or of substandard quality.[27] A follow-up study published in 2023 found that approximately 70% of private-label avocado oils tested were "rancid or mixed with other oils."[28]

42. Defendant is a sophisticated food manufacturer focused on avocado-based products and controls the sourcing, formulation, labeling, and marketing of the Products. Defendant endorsed the 2020 UC Davis research as proof of its purported purity, telling consumers that it was one of only two brands verified as pure and non-oxidized while claiming to be "100% committed to 100% purity."[29] Given its specialized business, supply-chain control, and express reliance on avocado-oil purity research, Defendant knew or should have known of the documented adulteration risk and that the Products did not contain exclusively authentic avocado oil.

## CLASS ACTION ALLEGATIONS

43. Plaintiff brings this action under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), individually and on behalf of all members of the following proposed classes (collectively, the "Classes"):

> **Nationwide Class:** All persons who, during the maximum period permitted by the applicable statute of limitations, purchased any of the Products in the United States primarily for personal, family, or household purposes, and not for resale.
>
> **State Consumer Protection Subclasses:** All members of the Nationwide Class who purchased any of the Products in one of the following jurisdictions, each of which constitutes a separate Subclass: New York, Alaska, Arizona, California, Colorado, Delaware, Florida, Hawaii, Idaho, Illinois, Kansas, Kentucky, Maryland, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Jersey,

[27] Hilary S. Green & Selina C. Wang, First report on quality and purity evaluations of avocado oil sold in the US, https://www.sciencedirect.com/science/article/pii/S0956713520302449.
[28] Tiffany Dobbyn, Nearly 70% of Private Label Avocado Oil Rancid or Mixed With Other Oils, https://www.ucdavis.edu/food/news/70%25-private-label-avocado-oil-rancid-or-mixed-other-oils; Hilary S. Green & Selina C. Wang, Purity and quality of private labelled avocado oil, https://www.sciencedirect.com/science/article/pii/S0956713523002372.
[29] Chosen Foods, Purity, https://chosenfoods.com/pages/purity, archived at https://perma.cc/B82J-YSHF.

New Mexico, North Carolina, North Dakota, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Dakota, Vermont, Virginia, Washington, and the District of Columbia. Plaintiff is a member of the New York Subclass and asserts each remaining Subclass claim in a representative capacity.

44. Excluded from the Classes are Defendant and its parents, subsidiaries, affiliates, officers, directors, and current or former employees; any entity in which Defendant has a controlling interest; all persons who timely and properly elect exclusion; and the judges assigned to this action and their immediate families.

45. Plaintiff reserves the right to modify or narrow the class definitions before the Court decides class certification as additional information is obtained through investigation and discovery, consistent with Federal Rule of Civil Procedure 23(c)(1)(C).

46. **Community of Interest:** There is a well-defined community of interest among Class Members because the claims arise from Defendant's common course of conduct and uniform Avocado Oil Representation.

47. **Numerosity:** The Classes are so numerous that joinder is impracticable. The Products are sold throughout New York and the United States, including through Amazon.com. Upon information and belief, thousands of consumers purchased the Products during the relevant period. The precise number and identities of Class Members are presently unknown to Plaintiff but can be ascertained from Defendant's and third parties' records.

48. **Common Questions and Predominance:** Questions of law and fact common to the Classes will drive the resolution of this action and predominate over questions affecting only individual Class Members. Those questions include:

a. Whether Defendant misrepresented or failed to disclose material facts in connection with the packaging, marketing, distribution, and sale of the Products;

b. Whether the oil used to make the Products is authentic avocado oil;

c. Whether the Avocado Oil Representation constitutes false or deceptive advertising;

d. Whether Defendant engaged in unfair, unlawful, or fraudulent business practices;

e. Whether Defendant's alleged conduct was intentional and knowing;

f. Whether the Products commanded a price premium attributable to the Avocado Oil Representation and, if so, the amount of that premium;

g. Whether Plaintiff and the Classes are entitled to damages or restitution and, if so, in what amount;

h. Whether Plaintiff and the Classes are entitled to injunctive relief;

i. Whether Plaintiff and the Classes are entitled to statutory or punitive damages and, if so, in what amount; and

j. Whether Plaintiff and the Classes are entitled to attorneys' fees, interest, and costs.

49. Defendant engaged in a common course of conduct that gives rise to the legal rights Plaintiff seeks to enforce uniformly for the Classes. The same or similar statutory and common-law violations, business practices, and injuries arise from a common nucleus of operative fact: Defendant's uniform packaging and advertising of the Products. Each Product's packaging bears the same material Avocado Oil Representation, and each Product fails to conform to that representation. Common questions therefore predominate over any individual issues.

50. **Typicality:** Plaintiff's claims are typical of the claims of the Classes because Plaintiff and Class Members were injured by Defendant's uniform conduct and the same Avocado Oil Representation.

51. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Classes. His interests do not conflict with those of Class Members, and he has retained counsel competent and experienced in class-action litigation.

52. **Superiority:** A class action is superior to other methods of adjudication. The relatively small damages of individual Class Members make separate actions impracticable; individualized litigation would increase expense and delay, burden the judicial system, and risk inconsistent judgments.

53. Class certification is also appropriate under Federal Rule of Civil Procedure 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Classes, making final injunctive and declaratory relief appropriate for the Classes as a whole.

## CAUSES OF ACTION

### COUNT I
**Violation of N.Y. Gen. Bus. Law § 349**
**(On Behalf of Plaintiff and the New York Subclass)**

54. Plaintiff incorporates by reference the allegations in all preceding paragraphs of this Complaint.

55. Plaintiff brings this claim individually and on behalf of the New York Subclass.

56. New York General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in New York. Section 349(h) affords a private right of action to persons injured by a violation.

57. In selling the Products throughout New York, Defendant conducted business and trade within the meaning of New York General Business Law § 349.

58. Plaintiff and members of the New York Subclass are consumers who purchased the Products primarily for personal, family, or household use.

59. Defendant violated § 349 by labeling and advertising the Products with the false, misleading, and deceptive Avocado Oil Representation and by failing to disclose that the Products' oil was compositionally inconsistent with authentic avocado oil. Defendant's conduct caused reasonable consumers to believe the Products were made exclusively with authentic avocado oil.

60. The challenged conduct was consumer-oriented because the Products are sold broadly throughout New York and the same Avocado Oil Representation appears on each unit.

61. The Avocado Oil Representation was materially misleading because Defendant's deliberate placement of "100% Pure Avocado Oil" on the Products' front labels misrepresented the identity, composition, quality, purity, and value of the Products.

62. Defendant knew or should have known that the Avocado Oil Representation was false or misleading and used it to induce purchases. Had Defendant advertised truthfully, Plaintiff and members of the New York Subclass would not have purchased the Products or would have paid less for them.

63. Plaintiff saw and relied on the Avocado Oil Representation when purchasing the Product for personal use. As a direct result of Defendant's deceptive conduct, Plaintiff and members of the New York Subclass paid for Products that were not as represented, lost the benefit of their bargain, and paid a price premium for Products worth less than represented.

64. On behalf of himself and the New York Subclass members, Plaintiff seeks to recover his actual damages or fifty dollars, whichever is greater; because Defendant's violation was willful and knowing, treble damages not to exceed one thousand dollars; and reasonable attorneys' fees and costs.

**COUNT II**
**Violation of N.Y. Gen. Bus. Law § 350**
**(On Behalf of Plaintiff and the New York Subclass)**

65. Plaintiff incorporates by reference the allegations in all preceding paragraphs of this Complaint.

66. Plaintiff brings this claim individually and on behalf of the New York Subclass.

67. New York General Business Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce.

68. Defendant violated § 350 by disseminating the false, deceptive, untrue, and misleading Avocado Oil Representation through the Products' labeling, packaging, online listings, and advertising. The Products did not conform to that representation.

69. The challenged advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances because the Products' front labels unequivocally represented that they were made with "100% Pure Avocado Oil."

70. Defendant's uniform false advertising caused consumer injury and harm to the public interest.

71. Defendant knew or should have known that the Avocado Oil Representation was untrue or misleading and designed it to induce reasonable consumers, including Plaintiff and members of the New York Subclass, to purchase the Products.

72. Plaintiff saw and relied on the Avocado Oil Representation when purchasing the Product. As a direct result of Defendant's false advertising, Plaintiff and members of the New York Subclass paid for Products that were not as represented, lost the benefit of their bargain, and paid a price premium for Products worth less than represented.

73. On behalf of himself and the New York Subclass members, Plaintiff seeks to recover his actual damages or five hundred dollars, whichever is greater; because Defendant's violation was willful and knowing, treble damages not to exceed ten thousand dollars; and reasonable attorneys' fees and costs.

## COUNT III
## Violation of Alaska Statutes § 45.50.471
## (On Behalf of Plaintiff and the Alaska Subclass)

74. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

75. Alaska Statutes § 45.50.471 prohibits unfair or deceptive acts or practices in the conduct of trade or commerce.

76. In its sale of the Products throughout the State of Alaska, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Alaska Statutes § 45.50.471.

77. The Alaska Subclass members are consumers who purchased Defendant's Products for their personal use.

78. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

79. The foregoing deceptive acts and practices were directed at consumers.

80. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

81. As a result of Defendant's deceptive practices, the Alaska Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

82. On behalf of himself and the Alaska Subclass members, Plaintiff seeks to recover three times the actual damages for each unlawful act or practice, or $500 for each unlawful act or practice, whichever is greater, and other necessary and proper relief as provided under Alaska Statutes § 45.50.531.

**COUNT IV**
**Violation of Arizona Revised Statutes § 44-1522**
**(On Behalf of Plaintiff and the Arizona Subclass)**

83. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

84. Arizona Revised Statutes § 44-1522 prohibits deceptive acts or practices in the conduct of any trade or commerce.

85. In its sale of the Products throughout the State of Arizona, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Arizona Revised Statutes § 44-1522.

86. The Arizona Subclass members are consumers who purchased Defendant's Products for their personal use.

87. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

88. The foregoing deceptive acts and practices were directed at consumers.

89. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

90. As a result of Defendant's deceptive practices, the Arizona Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

91. On behalf of himself and the Arizona Subclass members, Plaintiff seeks to recover actual damages, and punitive damages if Defendant's conduct was wanton or reckless, together with costs, pursuant to the private right of action recognized under Arizona Revised Statutes § 44-1533.

## COUNT V
**Violation of California Business and Professions Code § 17200**
**(On Behalf of Plaintiff and the California Subclass)**

92. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

93. California Business and Professions Code § 17200 prohibits unlawful, unfair, or fraudulent business acts or practices.

94. In its sale of the Products throughout the State of California, at all relevant times herein, Defendant conducted business within the meaning and intendment of California Business and Professions Code § 17200.

95. The California Subclass members are consumers who purchased Defendant's Products for their personal use.

96. By the acts and conduct alleged herein, Defendant engaged in unlawful, unfair, and fraudulent acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

97. The foregoing acts and practices were directed at consumers.

98. The foregoing acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Products.

99. As a result of Defendant's deceptive practices, the California Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

100. On behalf of himself and the California Subclass members, Plaintiff seeks full restitution as the court may deem proper.

**COUNT VI**
**Violation of Colorado Revised Statutes § 6-1-105**
**(On Behalf of Plaintiff and the Colorado Subclass)**

101. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

102. Colorado Revised Statutes § 6-1-105 prohibits deceptive trade practices in the course of a person's business, vocation, or occupation.

103. In its sale of the Products throughout the State of Colorado, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Colorado Revised Statutes § 6-1-105.

104. The Colorado Subclass members are consumers who purchased Defendant's Products for their personal use.

105. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

106. The foregoing deceptive acts and practices were directed at consumers.

107. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

108. As a result of Defendant's deceptive practices, the Colorado Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

109. On behalf of himself and the Colorado Subclass members, Plaintiff seeks to recover actual damages and reasonable attorney fees and costs, as provided under Colorado Revised Statutes § 6-1-113(2.9).

## COUNT VII
**Violation of Delaware Code Title 6 § 2513**
**(On Behalf of Plaintiff and the Delaware Subclass)**

110. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

111. Delaware Code Title 6 § 2513 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

112. In its sale of the Products throughout the State of Delaware, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Delaware Code Title 6 § 2513.

113. The Delaware Subclass members are consumers who purchased Defendant's Products for their personal use.

114. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

115. The foregoing deceptive acts and practices were directed at consumers.

116. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

117. As a result of Defendant's deceptive practices, the Delaware Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

118. On behalf of himself and the Delaware Subclass members, Plaintiff brings this claim pursuant to the private right of action provided under Delaware Code Title 6 § 2525, and seeks to recover actual damages, together with costs, as well as punitive damages if the fraud is found to be gross, oppressive, or aggravated.

**COUNT VIII**
**Violation of Florida Statutes § 501.204**
**(On Behalf of Plaintiff and the Florida Subclass)**

119. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

120. Florida Statutes § 501.204 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

121. In its sale of the Products throughout the State of Florida, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Florida Statutes § 501.204.

122. The Florida Subclass members are consumers who purchased Defendant's Products for their personal use.

123. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

124. The foregoing deceptive acts and practices were directed at consumers.

125. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

126. As a result of Defendant's deceptive practices, the Florida Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

127. On behalf of himself and the Florida Subclass members, Plaintiff seeks to recover actual damages, attorneys' fees, and court costs as provided under Florida Statutes §§ 501.211 and 501.2105.

**COUNT IX**
**Violation of Hawaii Revised Statutes § 480-2**
**(On Behalf of Plaintiff and the Hawaii Subclass)**

128. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

129. Hawaii Revised Statutes § 480-2 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

130. In its sale of the Products throughout the State of Hawaii, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Hawaii Revised Statutes § 480-2.

131. The Hawaii Subclass members are consumers who purchased Defendant's Products for their personal use.

132. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

133. The foregoing deceptive acts and practices were directed at consumers.

134. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

135. As a result of Defendant's deceptive practices, the Hawaii Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

136. On behalf of himself and the Hawaii Subclass members, Plaintiff seeks to recover threefold the damages sustained, the $1,000 minimum recovery being inapplicable in a class action under Hawaii Revised Statutes § 480-13(c)(1), together with reasonable attorneys' fees and the costs of suit.

**COUNT X**
**Violation of Idaho Code § 48-603**
**(On Behalf of Plaintiff and the Idaho Subclass)**

137. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

138. Idaho Code § 48-603 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

139. In its sale of the Products throughout the State of Idaho, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Idaho Code § 48-603.

140. The Idaho Subclass members are consumers who purchased Defendant's Products for their personal use.

141. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

142. The foregoing deceptive acts and practices were directed at consumers.

143. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

144. As a result of Defendant's deceptive practices, the Idaho Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

145. On behalf of himself and the Idaho Subclass members, Plaintiff seeks to recover the actual damages sustained by the class or a total for the class not exceeding $1,000, whichever is greater, as provided under Idaho Code § 48-608(1), together with restitution, punitive damages, and reasonable attorneys' fees and costs.

**COUNT XI**
**Violation of Illinois Compiled Statutes Chapter 815 § 505/2**
**(On Behalf of Plaintiff and the Illinois Subclass)**

146. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

147. Illinois Compiled Statutes Chapter 815 § 505/2 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

148. In its sale of the Products throughout the State of Illinois, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Illinois Compiled Statutes Chapter 815 § 505/2.

149. The Illinois Subclass members are consumers who purchased Defendant's Products for their personal use.

150. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as

compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

151. The foregoing deceptive acts and practices were directed at consumers.

152. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

153. As a result of Defendant's deceptive practices, the Illinois Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

154. On behalf of himself and the Illinois Subclass members, Plaintiff seeks to recover actual economic damages, and reasonable attorneys' fees and costs, as provided under Illinois Compiled Statutes Chapter 815 § 505/10a.

**COUNT XII**
**Violation of Kansas Statutes Annotated § 50-626**
**(On Behalf of Plaintiff and the Kansas Subclass)**

155. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

156. Kansas Statutes Annotated § 50-626 prohibits deceptive acts or practices in the conduct of any trade or commerce.

157. In its sale of the Products throughout the State of Kansas, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Kansas Statutes Annotated § 50-626.

158. The Kansas Subclass members are consumers who purchased Defendant's Products for their personal use.

159. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure

Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

160. The foregoing deceptive acts and practices were directed at consumers.

161. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

162. As a result of Defendant's deceptive practices, the Kansas Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

163. Defendant knowingly represented that the Products possessed a particular composition and ingredient characteristic—oil consisting of 100% pure avocado oil—that the Products did not possess, a deceptive act specifically proscribed by Kansas Statutes Annotated § 50-626(b)(1)(A). On behalf of himself and the Kansas Subclass members, Plaintiff seeks to recover the damages caused by that act and practice under Kansas Statutes Annotated § 50-634(d)(1), together with reasonable attorneys' fees under § 50-634(e).

## COUNT XIII
**Violation of Kentucky Revised Statutes § 367.170**
**(On Behalf of Plaintiff and the Kentucky Subclass)**

164. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

165. Kentucky Revised Statutes § 367.170 prohibits unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce.

166. In its sale of the Products throughout the State of Kentucky, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Kentucky Revised Statutes § 367.170.

167. The Kentucky Subclass members are consumers who purchased Defendant's Products for their personal use.

168. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

169. The foregoing deceptive acts and practices were directed at consumers.

170. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

171. As a result of Defendant's deceptive practices, the Kentucky Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

172. Defendant made the Avocado Oil Representation directly to Kentucky consumers on the Products' front labels. The representation was intended to induce purchases and formed part of the transactions in which Kentucky Subclass members purchased the Products from retailers. On behalf of himself and the Kentucky Subclass members, Plaintiff seeks actual damages, punitive damages, and reasonable attorneys' fees and costs under Kentucky Revised Statutes § 367.220.

**COUNT XIV**
**Violation of Maryland Commercial Law Code § 13-303**
**(On Behalf of Plaintiff and the Maryland Subclass)**

173. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

174. Maryland Commercial Law Code § 13-303 prohibits unfair or deceptive trade practices in the conduct of any trade or commerce.

175. In its sale of the Products throughout the State of Maryland, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Maryland Commercial Law Code § 13-303.

176. The Maryland Subclass members are consumers who purchased Defendant's Products for their personal use.

177. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

178. The foregoing deceptive acts and practices were directed at consumers.

179. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

180. As a result of Defendant's deceptive practices, the Maryland Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

181. On behalf of himself and the Maryland Subclass members, Plaintiff seeks to recover actual damages, and reasonable attorneys' fees and costs, as provided under Maryland Commercial Law Code § 13-408.

## COUNT XV
**Violation of Michigan Compiled Laws § 445.903**
**(On Behalf of Plaintiff and the Michigan Subclass)**

182. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

183. Michigan Compiled Laws § 445.903 prohibits unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of any trade or commerce.

184. In its sale of the Products throughout the State of Michigan, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Michigan Compiled Laws § 445.903.

185. The Michigan Subclass members are consumers who purchased Defendant's Products for their personal use.

186. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

187. The foregoing deceptive acts and practices were directed at consumers.

188. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

189. As a result of Defendant's deceptive practices, the Michigan Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

190. On behalf of himself and the Michigan Subclass members, Plaintiff seeks to recover the actual damages caused by Defendant's unlawful methods, acts, and practices, as provided under Michigan Compiled Laws § 445.911(4).

**COUNT XVI**
**Violation of Minnesota Statutes § 325F.69**
**(On Behalf of Plaintiff and the Minnesota Subclass)**

191. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

192. Minnesota Statutes § 325F.69 prohibits unfair, unconscionable, or deceptive trade practices in the conduct of any trade or commerce.

193. In its sale of the Products throughout the State of Minnesota, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Minnesota Statutes § 325F.69.

194. The Minnesota Subclass members are consumers who purchased Defendant's Products for their personal use.

195. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

196. The foregoing deceptive acts and practices were directed at consumers.

197. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

198. As a result of Defendant's deceptive practices, the Minnesota Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

199. This action benefits the public because Defendant made the Avocado Oil Representation to the consuming public at large, on the packaging of every unit of the Products

sold in Minnesota, and the relief sought will halt that misrepresentation as to all Minnesota consumers. On behalf of himself and the Minnesota Subclass members, Plaintiff seeks to recover actual damages, reasonable attorneys' fees, and costs, including costs of investigations, as provided under Minnesota Statutes § 8.31, subd. 3a.

**COUNT XVII**
**Violation of Missouri Revised Statutes § 407.020**
**(On Behalf of Plaintiff and the Missouri Subclass)**

200. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

201. Missouri Revised Statutes § 407.020 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

202. In its sale of the Products throughout the State of Missouri, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Missouri Revised Statutes § 407.020.

203. The Missouri Subclass members are consumers who purchased Defendant's Products for their personal use.

204. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

205. The foregoing deceptive acts and practices were directed at consumers.

206. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

207. As a result of Defendant's deceptive practices, the Missouri Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

208. The Missouri Subclass members acted as reasonable consumers would in light of all the circumstances; Defendant's misrepresentation would cause a reasonable person to enter into the transaction that resulted in damages; and their individual damages are susceptible of calculation to a reasonable degree of certainty by reference to the price premium attributable to the Avocado Oil Representation. On behalf of himself and the Missouri Subclass members, Plaintiff seeks to recover actual damages, punitive damages, and reasonable attorneys' fees and costs, as provided under Missouri Revised Statutes § 407.025.1, which claim Plaintiff asserts on a class-wide basis as authorized by Missouri Revised Statutes §§ 407.025.2 and 407.025.3.

## **COUNT XVIII**
**Violation of Nebraska Revised Statutes § 59-1602**
**(On Behalf of Plaintiff and the Nebraska Subclass)**

209. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

210. Nebraska Revised Statutes § 59-1602 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

211. In its sale of the Products throughout the State of Nebraska, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Nebraska Revised Statutes § 59-1602.

212. The Nebraska Subclass members are consumers who purchased Defendant's Products for their personal use.

213. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure

Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

214. The foregoing deceptive acts and practices were directed at consumers.

215. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

216. As a result of Defendant's deceptive practices, the Nebraska Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

217. On behalf of himself and the Nebraska Subclass members, Plaintiff seeks to recover actual damages, and up to $1,000 in additional damages if the actual damages are not susceptible to measurement by ordinary pecuniary standards, and reasonable attorneys' fees and costs, as provided under Nebraska Revised Statutes § 59-1609.

**COUNT XIX**
**Violation of Nevada Revised Statutes § 598.0915**
**(On Behalf of Plaintiff and the Nevada Subclass)**

218. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

219. Nevada Revised Statutes § 598.0915 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

220. In its sale of the Products throughout the State of Nevada, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Nevada Revised Statutes § 598.0915.

221. The Nevada Subclass members are consumers who purchased Defendant's Products for their personal use.

222. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

223. The foregoing deceptive acts and practices were directed at consumers.

224. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

225. As a result of Defendant's deceptive practices, the Nevada Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

226. On behalf of himself and the Nevada Subclass members, Plaintiff seeks to recover actual damages, and reasonable attorneys' fees and costs, as provided under Nevada Revised Statutes § 41.600.

**COUNT XX**
**Violation of New Hampshire Revised Statutes § 358-A:2**
**(On Behalf of Plaintiff and the New Hampshire Subclass)**

227. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

228. New Hampshire Revised Statutes § 358-A:2 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

229. In its sale of the Products throughout the State of New Hampshire, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of New Hampshire Revised Statutes § 358-A:2.

230. The New Hampshire Subclass members are consumers who purchased Defendant's Products for their personal use.

231. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

232. The foregoing deceptive acts and practices were directed at consumers.

233. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

234. As a result of Defendant's deceptive practices, the New Hampshire Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

235. On behalf of himself and the New Hampshire Subclass members, Plaintiff seeks to recover actual damages, together with reasonable attorneys' fees, as provided under New Hampshire Revised Statutes § 358-A:10-a.

**<u>COUNT XXI</u>**
**Violation of New Jersey Revised Statutes § 56:8-2**
**(On Behalf of Plaintiff and the New Jersey Subclass)**

236. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

237. New Jersey Revised Statutes § 56:8-2 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

238. In its sale of the Products throughout the State of New Jersey, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of New Jersey Revised Statutes § 56:8-2.

239. The New Jersey Subclass members are consumers who purchased Defendant's Products for their personal use.

240. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

241. The foregoing deceptive acts and practices were directed at consumers.

242. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

243. As a direct result of Defendant's deceptive practices, the New Jersey Subclass members suffered an ascertainable loss because they paid a price premium for Products worth less than represented and would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

244. On behalf of himself and the New Jersey Subclass members, Plaintiff seeks to recover threefold the damages sustained, together with reasonable attorneys' fees, filing fees, and reasonable costs of suit, as provided under New Jersey Revised Statutes § 56:8-19.

**COUNT XXII**
**Violation of New Mexico Statutes § 57-12-3**
**(On Behalf of Plaintiff and the New Mexico Subclass)**

245. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

246. New Mexico Statutes § 57-12-3 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

247. In its sale of the Products throughout the State of New Mexico, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of New Mexico Statutes § 57-12-3.

248. The New Mexico Subclass members are consumers who purchased Defendant's Products for their personal use.

249. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

250. The foregoing deceptive acts and practices were directed at consumers.

251. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

252. As a result of Defendant's deceptive practices, the New Mexico Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

253. On behalf of himself and the New Mexico Subclass members, Plaintiff seeks, for himself as named plaintiff, actual damages or one hundred dollars, whichever is greater, and, because Defendant willfully engaged in the trade practice, up to three times actual damages or three hundred dollars, whichever is greater, as provided under New Mexico Statutes § 57-12-10(B) and (E); such actual damages as were suffered by each member of the class, as provided under

New Mexico Statutes § 57-12-10(E); and reasonable attorney fees and costs, as provided under New Mexico Statutes § 57-12-10(C).

**COUNT XXIII**
**Violation of North Carolina General Statutes § 75-1.1**
**(On Behalf of Plaintiff and the North Carolina Subclass)**

254. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

255. North Carolina General Statutes § 75-1.1 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

256. In its sale of the Products throughout the State of North Carolina, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of North Carolina General Statutes § 75-1.1.

257. The North Carolina Subclass members are consumers who purchased Defendant's Products for their personal use.

258. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

259. The foregoing deceptive acts and practices were directed at consumers.

260. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

261. As a result of Defendant's deceptive practices, the North Carolina Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

262. On behalf of himself and the North Carolina Subclass members, Plaintiff seeks judgment for treble the amount of damages fixed by the verdict, as provided under North Carolina General Statutes § 75-16, and reasonable attorneys' fees and costs, as provided under North Carolina General Statutes § 75-16.1.

**COUNT XXIV**
**Violation of North Dakota Century Code § 51-15-02**
**(On Behalf of Plaintiff and the North Dakota Subclass)**

263. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

264. North Dakota Century Code § 51-15-02 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

265. In its sale of the Products throughout the State of North Dakota, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of North Dakota Century Code § 51-15-02.

266. The North Dakota Subclass members are consumers who purchased Defendant's Products for their personal use.

267. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

268. The foregoing deceptive acts and practices were directed at consumers.

269. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

270. As a result of Defendant's deceptive practices, the North Dakota Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

271. On behalf of himself and the North Dakota Subclass members, Plaintiff seeks to recover actual damages, and up to three times the actual damages if the violation was committed knowingly, and reasonable attorneys' fees and costs, as provided under North Dakota Century Code § 51-15-09.

**COUNT XXV**
**Violation of Oklahoma Statutes Title 15 § 753**
**(On Behalf of Plaintiff and the Oklahoma Subclass)**

272. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

273. Oklahoma Statutes Title 15 § 753 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

274. In its sale of the Products throughout the State of Oklahoma, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Oklahoma Statutes Title 15 § 753.

275. The Oklahoma Subclass members are consumers who purchased Defendant's Products for their personal use.

276. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

277. The foregoing deceptive acts and practices were directed at consumers.

278. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

279. As a result of Defendant's deceptive practices, the Oklahoma Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

280. On behalf of himself and the Oklahoma Subclass members, Plaintiff seeks to recover actual damages, and reasonable attorneys' fees and costs, as provided under Oklahoma Statutes Title 15 § 761.1.

**COUNT XXVI**
**Violation of Oregon Revised Statutes § 646.608**
**(On Behalf of Plaintiff and the Oregon Subclass)**

281. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

282. Oregon Revised Statutes § 646.608 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

283. In its sale of the Products throughout the State of Oregon, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Oregon Revised Statutes § 646.608.

284. The Oregon Subclass members are consumers who purchased Defendant's Products for their personal use.

285. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

286. The foregoing deceptive acts and practices were directed at consumers.

287. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

288. As a result of Defendant's deceptive practices, the Oregon Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

289. Defendant's use and employment of the unlawful methods, acts, and practices alleged herein was at a minimum reckless or knowing as to the Oregon Subclass members, each of whom sustained an ascertainable loss of money or property as a result. On behalf of himself and the Oregon Subclass members, Plaintiff seeks to recover actual damages, or statutory damages of $200 if that is greater, as provided under Oregon Revised Statutes § 646.638(1) and (8)(a), together with punitive damages and reasonable attorneys' fees and costs.

**COUNT XXVII**
**Violation of Pennsylvania Statutes Title 73 § 201-3**
**(On Behalf of Plaintiff and the Pennsylvania Subclass)**

290. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

291. Pennsylvania Statutes Title 73 § 201-3 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

292. In its sale of the Products throughout the State of Pennsylvania, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Pennsylvania Statutes Title 73 § 201-3.

293. The Pennsylvania Subclass members are consumers who purchased Defendant's Products for their personal use.

294. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and

packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

295. The foregoing deceptive acts and practices were directed at consumers.

296. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

297. The Pennsylvania Subclass members saw and justifiably relied on the front-label Avocado Oil Representation before purchasing the Products. As a direct result of Defendant's deceptive practices, they suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth.

298. On behalf of himself and the Pennsylvania Subclass members, Plaintiff seeks to recover actual damages, or $100 if that is greater, and up to three times the actual damages in the Court's discretion, and reasonable attorneys' fees and costs, as provided under Pennsylvania Statutes Title 73 § 201-9.2.

## COUNT XXVIII
**Violation of Rhode Island General Laws § 6-13.1-2**
**(On Behalf of Plaintiff and the Rhode Island Subclass)**

299. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

300. Rhode Island General Laws § 6-13.1-2 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

301. In its sale of the Products throughout the State of Rhode Island, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Rhode Island General Laws § 6-13.1-2.

302. The Rhode Island Subclass members are consumers who purchased Defendant's Products for their personal use.

303. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

304. The foregoing deceptive acts and practices were directed at consumers.

305. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

306. As a result of Defendant's deceptive practices, the Rhode Island Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

307. On behalf of himself and the Rhode Island Subclass members, Plaintiff seeks to recover actual damages or $500, whichever is greater, treble damages, and reasonable attorneys' fees and costs, as provided under Rhode Island General Laws § 6-13.1-5.2.

**COUNT XXIX**
**Violation of South Dakota Codified Laws § 37-24-6**
**(On Behalf of Plaintiff and the South Dakota Subclass)**

308. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

309. South Dakota Codified Laws § 37-24-6 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

310. In its sale of the Products throughout the State of South Dakota, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of South Dakota Codified Laws § 37-24-6.

311. The South Dakota Subclass members are consumers who purchased Defendant's Products for their personal use.

312. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

313. The foregoing deceptive acts and practices were directed at consumers.

314. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

315. As a result of Defendant's deceptive practices, the South Dakota Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

316. On behalf of himself and the South Dakota Subclass members, Plaintiff seeks to recover actual damages, as provided under South Dakota Codified Laws § 37-24-31.

**COUNT XXX**
**Violation of Vermont Statutes Title 9 § 2453**
**(On Behalf of Plaintiff and the Vermont Subclass)**

317. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

318. Vermont Statutes Title 9 § 2453 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

319. In its sale of the Products throughout the State of Vermont, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Vermont Statutes Title 9 § 2453.

320. The Vermont Subclass members are consumers who purchased Defendant's Products for their personal use.

321. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

322. The foregoing deceptive acts and practices were directed at consumers.

323. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

324. As a result of Defendant's deceptive practices, the Vermont Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

325. On behalf of himself and the Vermont Subclass members, Plaintiff seeks to recover actual damages, or the consideration given for the Products, reasonable attorneys' fees and costs, and exemplary damages not exceeding three times the value of that consideration, as provided under Vermont Statutes Title 9 § 2461(b).

**COUNT XXXI**
**Violation of Virginia Code § 59.1-200**
**(On Behalf of Plaintiff and the Virginia Subclass)**

326. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

327. Virginia Code § 59.1-200 prohibits fraudulent acts or practices by suppliers in connection with consumer transactions. Defendant is a supplier, and the purchases of the Products by Virginia Subclass members were consumer transactions within the meaning of the statute.

328. In its sale of the Products throughout the State of Virginia, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Virginia Code § 59.1-200.

329. The Virginia Subclass members are consumers who purchased Defendant's Products for their personal use.

330. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

331. The foregoing deceptive acts and practices were directed at consumers.

332. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

333. As a result of Defendant's deceptive practices, the Virginia Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

334. On behalf of himself and the Virginia Subclass members, Plaintiff seeks to recover actual damages or $500, whichever is greater, or if the violation was willful, treble damages or $1,000, whichever is greater, as well as reasonable attorneys' fees and costs, as provided under Virginia Code § 59.1-204.

**COUNT XXXII**
**Violation of Revised Code of Washington § 19.86.020**
**(On Behalf of Plaintiff and the Washington Subclass)**

335. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

336. Revised Code of Washington § 19.86.020 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

337. In its sale of the Products throughout the State of Washington, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of Revised Code of Washington § 19.86.020.

338. The Washington Subclass members are consumers who purchased Defendant's Products for their personal use.

339. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

340. The foregoing deceptive acts and practices were directed at consumers.

341. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

342. As a result of Defendant's deceptive practices, the Washington Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

343. On behalf of himself and the Washington Subclass members, Plaintiff seeks to recover actual damages, together with such increase in the damages award as the Court may in its

discretion allow, up to three times the actual damages sustained and not exceeding $25,000, as well as reasonable attorneys' fees and costs, as provided under Revised Code of Washington § 19.86.090.

**COUNT XXXIII**
**Violation of D.C. Code § 28-3904**
**(On Behalf of Plaintiff and the District of Columbia Subclass)**

344. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

345. District of Columbia Code § 28-3904 prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

346. In its sale of the Products throughout the District of Columbia, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of District of Columbia Code § 28-3904.

347. The District of Columbia Subclass members are consumers who purchased Defendant's Products for their personal use.

348. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously representing on the Products' labeling and packaging, online listings, and marketing materials that the Products are made with "100% Pure Avocado Oil." Despite those representations, every tested lot of the Products was classified as compositionally inconsistent with authentic avocado oil, and the Products did not conform to the Avocado Oil Representation.

349. The foregoing deceptive acts and practices were directed at consumers.

350. The foregoing deceptive acts and practices are misleading in a material way because they misrepresent the identity, composition, quality, purity, and value of the Products.

351. As a result of Defendant's deceptive practices, the District of Columbia Subclass members suffered an economic injury because they would not have purchased the Products, or would have paid less for them, had they known the truth about the Avocado Oil Representation.

352. On behalf of himself and the District of Columbia Subclass members, Plaintiff seeks to recover treble damages, or $1,500 per violation, whichever is greater, punitive damages, as well as reasonable attorneys' fees and costs, as provided under District of Columbia Code § 28-3905(k)(2).

**COUNT XXXIV**
**Intentional Misrepresentation**
**(On Behalf of Plaintiff and the Nationwide Class)**

353. Plaintiff incorporates by reference the allegations in all preceding paragraphs of this Complaint.

354. Plaintiff brings this claim individually and on behalf of the Nationwide Class.

355. Defendant represented on the Products' packaging that the Products were made exclusively with 100% pure avocado oil. That representation was false because the Products were not compositionally consistent with authentic avocado oil and did not conform to the representation.

356. The Avocado Oil Representation was material because it concerned the Products' identity, quality, and healthfulness and was important to reasonable consumers' purchasing decisions.

357. Defendant knew the Avocado Oil Representation was misleading or acted recklessly without regard to its truth. Defendant intended consumers to rely on it, as shown by its conspicuous placement on the Products' front labels and Defendant's brand-wide advertising centered on avocado-oil purity.

358. Plaintiff and Class Members reasonably and justifiably relied on the Avocado Oil Representation when purchasing the Products. Had they known the truth, they would not have

purchased the Products or would have paid less. As a direct and proximate result, they suffered economic losses, including the amounts paid and any interest that would have accrued on those funds, in an amount to be proven at trial.

**COUNT XXXV**
**Unjust Enrichment**
**(On Behalf of Plaintiff and the Nationwide Class)**

359. Plaintiff incorporates by reference the allegations in all preceding paragraphs of this Complaint.

360. Plaintiff brings this claim individually and on behalf of the Nationwide Class.

361. To the extent required by law, Plaintiff alleges this claim in the alternative to his legal claims under Federal Rule of Civil Procedure 8(d)(2).

362. Defendant's false and misleading Avocado Oil Representation caused Plaintiff and Class Members to pay a price premium for the Products.

363. Defendant thereby received a direct and unjust benefit at the expense of Plaintiff and Class Members.

364. Plaintiff and Class Members seek the return of that unjust benefit.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the proposed Classes, respectfully requests that the Court enter judgment in his favor and award the following relief:

a) Certifying this action as a class action on behalf of Plaintiff and the Classes, appointing Plaintiff as Class representative, and appointing his counsel as Class counsel;

b) Declaring that Defendant's conduct described herein violates the laws identified herein;

c) Entering judgment for Plaintiff and the Classes on all claims asserted herein;

d) Awarding restitution and other equitable relief, including restitutionary disgorgement of profits and unjust enrichment obtained through the unlawful and deceptive practices alleged herein;

e) Awarding injunctive and other equitable relief necessary to protect Plaintiff and Class Members, including an order prohibiting Defendant from making the Avocado Oil Representation unless the Products are made exclusively with authentic avocado oil conforming to applicable compositional criteria;

f) Awarding all economic, monetary, actual, consequential, and compensatory damages caused by Defendant's conduct;

g) Awarding statutory, multiple, and treble damages to the extent authorized by the consumer-protection statutes asserted herein;

h) Awarding punitive damages, statutory damages, and monetary penalties to the extent permitted by the causes of action asserted;

i) Awarding nominal damages;

j) Awarding Plaintiff and his counsel reasonable expenses and attorneys' fees;

k) Awarding pre- and post-judgment interest to the extent permitted; and

l) Granting such further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: August 18, 2026

Respectfully submitted,

**GUCOVSCHI LAW FIRM, PLLC**

By: /s/ Adrian Gucovschi
Adrian Gucovschi, Esq.
165 Broadway, Fl. 23

New York, NY 10006
Telephone: (212) 884-4230
Email: adrian@gucovschilaw.com

Counsel for Plaintiff and the Classes